IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 12 CR 87-2 |
| vs. | ) |
| | ) Judge Sharon Coleman, |
| KALLATT MOHAMMED, | ) presiding |
| | ) |
| Defendant. | ) |

## REPLY TO THE GOVERNMENT'S RESPONSE

Defendant KALLATT MOHAMMED files this reply to the Government's Response [Doc. # 52], and in support states as follows:

The sentencing in this matter is currently scheduled for Friday, October 19, 2012 at 1:30 p.m.

There were a series of letter that were submitted from the Defendant's family and friends, including the following persons:

1)  Marcine Bell (a friend of the Defendant);
2)  Alexis Brown (Defendant's Daughter);
3)  Michele Caldwell (a friend of the Defendant);
4)  Catherine Chandler (Defendant's Aunt);
5)  Stanley Fields (a friend of the Defendant);
6)  Simone Mercer (a friend of the Defendant);
7)  Shelia Morris (a friend of the Defendant);
8)  Syriya Mohammed (Defendant's sister).

These letters were submitted to the probation officer some time ago. They were referenced in the Defendant's Position Paper and Sentencing Memorandum that was filed on October 8th. To date the Defendant has not received notice that these

letters were submitted to the Court. Undersigned counsel has left a message with the probation officer, and in the past spoken personally with the probation officer about having these letters submitted to the Court before sentencing. The probation officer has assured undersigned counsel that they would be submitted soon. If the letters are not filed with the Court by Wednesday, undersigned counsel will submit the letters to the Court and the Government by letter, and attachments and personally serve them.

It is important to the Defendant that the letters are reviewed by the Court before a sentence in this matter is arrived at by the Court.

### *The Government's Request for a Sentence Within the Guidelines*:

The Government in their sentencing memorandum has argued for a sentence within the Guideline range. Defendant is asking that the Court consider a sentence below the standard Guideline range.

As the Defendant argued in his original sentencing memorandum, since *Booker*, the Court has the authority to fashion an individualized sentence. Def. Sent. Memo at p. 6. As stated previously, the ultimate goal is to "impose a sentence sufficient, but not greater than necessary to comply with" . . . "the need for the sentence imposed". 18 U.S.C. § 3553(a).

One of the factors to consider is both the pressures placed on the Defendant by his immediate supervisor in the police department and the co-defendant charged in this same offense. Pursuant to the Government's argument Defendant, and his

co-defendant, Sgt. Ronald Watts, presumably would stand in the same position under the Guidelines. Especially in light of the Government's position that this Defendant not receive any "minor role" for the offense. The Government's "one-sentence-fits-all" argument would place this Defendant and Ronald Watts in the same exact sentencing range category. This Defendant would argue that this is simply not fair. It is part of the reason that Courts now have the discretion to fashion individualized sentences to fit the individual and not simply the crime.

The Defendant advanced arguments under § 3553(a) factors for a less than guidelines sentence for *family circumstances*, and *post offense/ post-conviction conduct*. The Defendant would ask that this Court consider the letters submitted on his behalf, as well as the arguments advanced here, and in his original pleading and fashion a sentence below the guidelines as a fair and reasonable punishment in this case.

WHEREFORE, Defendant KALLATT MOHAMMED respectfully requests that this Court grant the relief requested.

                                              Respectfully submitted,

                                              *s/ James A. Graham*
                                              James A. Graham, attorney for
                                              KALLATT MOHAMMED

James A. Graham (ARDC 6184279)
Attorney at Law
53 W. Jackson Blvd.
Suite 703
Chicago, Illinois 60604
(312) 922-3777
Facsimile: (312) 663-5386

## CERTIFICATE OF SERVICE

     I, James A. Graham, an attorney, certify that I shall cause to be served a copy of Defendant's "**REPLY TO THE GOVERNMENT'S RESPONSE**" upon the following individual(s) electronically via the Case Management/Electronic Case Filing System ("ECF") as indicated, this 15th day of October, 2012.

TO:    Maggie Schneider
          Asst. United States Attorney
          219 S. Dearborn St.
          5th Floor, North
          Chicago, Illinois 60604

                                        Respectfully submitted,

                                        s/*James A. Graham*
                                        James A. Graham, attorney for
                                        KALLATT MOHAMMED

James A. Graham (ARDC 6184279)
Attorney at Law
53 W. Jackson Blvd.
Suite 703
Chicago, Illinois 60604
(312) 922-3777
Facsimile: (312) 663-5386