```
          IN THE UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION


UNITED STATES OF AMERICA,       )    No. 12 CR 87-2
                                )
              Plaintiff,        )
                                )
         v.                     )    Chicago, Illinois
                                )    August 17, 2012
KALLATT MOHAMMED,               )    10:40 a.m.
                                )
              Defendant.        )    Guilty Plea


             TRANSCRIPT OF PROCEEDINGS
      BEFORE THE HONORABLE SHARON JOHNSON COLEMAN


APPEARANCES:

For the Government:      HON. GARY S. SHAPIRO,
                         United States Attorney, by
                         MS. MARGARET J. SCHNEIDER,
                         Assistant United States Attorney
                         219 South Dearborn Street
                         Chicago, Illinois  60604


For the Defendant:       MR. JAMES A. GRAHAM
                         53 West Jackson Boulevard
                         Suite 703
                         Chicago, Illinois  60604
```

TRACEY DANA McCULLOUGH, CSR, RPR
Official Court Reporter
219 South Dearborn Street
Room 1426
Chicago, Illinois  60604
(312) 435-5570

```
 1              THE CLERK:  This is case 12 CR 87, U.S. versus
 2   Kallatt Mohammed.
 3              MS. SCHNEIDER:  Good morning, Your Honor.  Maggie
 4   Schneider on behalf of the United States.  I apologize for
 5   being late.  I got held up in Judge Shadur's courtroom.
 6              THE COURT:  All right.  No problem.
 7              MR. GRAHAM:  Good morning, Judge.  Jim Graham,
 8   G-R-A-H-A-M, for Kallatt Mohammed, who's present in court.
 9   Judge, we're here for a change of plea.
10              THE COURT:  All right.  Step forward please, sir.
11   The government is also ready?
12              MS. SCHNEIDER:  We are, Your Honor.
13              THE COURT:  Sir, raise your right hand, please.
14       (Defendant duly sworn.)
15              THE COURT:  All right.  Mr. Mohammed, it's this
16   Court's understanding that it's your intention to change your
17   plea today.  Before this Court will do that, this Court is
18   going to make sure that you can understand what is going on
19   here today, that you fully comprehend the rights you will be
20   giving up if you persist in the change of plea, and all the
21   ramifications therefrom.  Do you understand that?
22              DEFENDANT MOHAMMED:  Yes.
23              THE COURT:  All right.  And again, some of the
24   questions may seem fairly simple to you or repetitive, but the
25   Court -- everything the Court asks and says during this
```

proceeding is very important for you to be able to understand. If at any time during this process you don't understand something or you have a question about what's being said, please take the time and speak to your lawyer to the side, and we'll proceed after that. All right.

DEFENDANT MOHAMMED: Yes.

THE COURT: All right. Sir, this Court is going to be determining whether you are competent to plead at this time, that you have had the able assistance of counsel, that you understand all of your trial rights, that you understand the nature of the charges against you, that your change of plea is voluntary, and that there's a factual basis for your plea. This Court has -- before we get to asking questions, this Court also should warn you that any false answers to any of the questions that this Court gives you, could result in a perjury prosecution.

Also that you in giving truthful answers, which we want you to give, you would be being asked in some circumstances to incriminate yourself. Do you understand that?

DEFENDANT MOHAMMED: Yes.

THE COURT: Sir, state your full name for the Court.

DEFENDANT MOHAMMED: My name is Kallatt Mohammed.

THE COURT: All right.

DEFENDANT MOHAMMED: K-A-L-L-A-T-T.

THE COURT: All right.

```
 1              DEFENDANT MOHAMMED:  M-O-H-A-M-M-E-D.
 2              THE COURT:  How old are you, Mr. Mohammed?
 3              DEFENDANT MOHAMMED:  47.
 4              THE COURT:  And where do you live?  The city and
 5   state is enough.
 6              DEFENDANT MOHAMMED:  Do you want my address?
 7              THE COURT:  City and state.
 8              DEFENDANT MOHAMMED:  Chicago, Illinois.
 9              THE COURT:  And, sir, are you married?
10              DEFENDANT MOHAMMED:  No.
11              THE COURT:  How far did you get in school?
12              DEFENDANT MOHAMMED:  Second year of college.
13              THE COURT:  And you are able to read and write fully,
14   is that correct?
15              DEFENDANT MOHAMMED:  Yes.
16              THE COURT:  What type of work have you done in the
17   last three years?
18              DEFENDANT MOHAMMED:  Police officer.
19              THE COURT:  And are you in good physical health?
20              DEFENDANT MOHAMMED:  Yes.
21              THE COURT:  Are you under any type of prescribed
22   medication?
23              DEFENDANT MOHAMMED:  No.
24              THE COURT:  Have you been under the care of a
25   psychiatrist or a psychologist?
```

1     DEFENDANT MOHAMMED:  No.
2     THE COURT:  Have you taken any illegal drugs or
3  alcoholic beverages in the last 24 hours?
4     DEFENDANT MOHAMMED:  No.
5     THE COURT:  Counsel, do you have any doubt as to your
6  client's competence to change his plea?
7     MR. GRAHAM:  I do not, Judge.
8     THE COURT:  Government.
9     MS. SCHNEIDER:  I do not, Your Honor.
10    THE COURT:  This Court finds based on the questioning
11 of Mr. Mohammed today, based on this Court's observance of him
12 on previous occasions, based on the statements of his counsel
13 and the government's counsel that he is indeed competent to
14 offer a change of plea today.
15    Sir, can you tell me the name of your lawyer who
16 represents you.
17    DEFENDANT MOHAMMED:  Yes.  Jim Graham.
18    THE COURT:  And -- you've a chance to talk to him at
19 length about this case and about the proposed plea agreement,
20 is that correct?
21    DEFENDANT MOHAMMED:  Yes, ma'am.
22    THE COURT:  You have told your counsel everything you
23 know about the case, is that right?
24    DEFENDANT MOHAMMED:  Yes, ma'am.
25    THE COURT:  And you're satisfied with the advice and

1   the efforts he's made on your behalf, is that correct?
2           DEFENDANT MOHAMMED:  Yes.
3           THE COURT:  This is an information, is that correct?
4           MS. SCHNEIDER:  Yes, Your Honor.
5           THE COURT:  All right.  You are charged in Count 1 of
6   the information with theft of government funds in violation of
7   Title 18 U.S.C. Section 641 and Section 2.  Sir, you've read a
8   copy of the information in this case?
9           DEFENDANT MOHAMMED:  Yes, I have.
10          THE COURT:  And you have discussed the information
11  with your counsel, is that correct?
12          DEFENDANT MOHAMMED:  Yes.
13          THE COURT:  All right.  Mr. Graham, without any
14  reference to the facts in this case, what did you tell your
15  client concerning the charges here.
16          MR. GRAHAM:  Judge, we talked about the statute and
17  the fact that what's charged in Count 1 is the fact that on
18  November 21st, 2011 there was a conversion of $5200 of money
19  belonging to the United States which the defendant was not
20  entitled to.
21          THE COURT:  All right.  And you understand that, is
22  that correct?
23          DEFENDANT MOHAMMED:  Yes.
24          THE COURT:  Sir, if you decide to persist in your
25  plea of not guilty here, under the Constitution and the -- and

1   the laws of the United States you'd be entitled to a jury trial
2   for the charges against you.  Do you understand that?
3            DEFENDANT MOHAMMED:  Yes.
4            THE COURT:  You would have a right to continue in
5   your plea of not guilty.  And if you did so, you would have a
6   right to a speedy trial.  You would have a right to subpoena
7   witnesses to testify on your behalf.  You would have a right to
8   confront through your lawyer the witnesses that would be
9   brought against you -- to testify against you by the
10  government.  You'd have a right to cross-examine those
11  witnesses and just to be a part of a trial where you would see
12  and hear all of the evidence.  Do you understand that?
13           DEFENDANT MOHAMMED:  Yes.
14           THE COURT:  Do you also understand, sir, that at
15  trial you would be presumed to be innocent at all times?  It
16  would be the government that would have to prove you guilty
17  beyond a reasonable doubt by competent evidence.  And at no
18  time would you be forced to prove that you are innocent.  Do
19  you understand?
20           DEFENDANT MOHAMMED:  Yes.
21           THE COURT:  Do you also understand, sir, that if you
22  chose to do so, you would have the right to testify in your own
23  behalf, but you would also have the right not to testify?  And
24  if you chose not to testify, that choice would not be used
25  against you or would not infer your guilt.  Do you understand

1   that?

2   DEFENDANT MOHAMMED: Yes.

3   THE COURT: Do you also understand, sir, that if you
4   had a trial by jury, it would be a jury of 12 people, lay
5   people such as yourself that would be picked at random with the
6   assistance of your counsel and input from you and the input of
7   the government, that you'd have a chance to listen to the
8   Court's questioning of those jurors and you would have a chance
9   to submit questions on your own behalf? The government would
10  also have a chance to submit questions.

11  That after the Court questioned the jury, that you
12  would have a right to move for disqualification of jurors who
13  you felt were biased for a particular reason or disqualified in
14  some other fashion. The government would have that same right.
15  You would also have a limited number of prospective jurors that
16  you could excuse because you felt that they could not be fair
17  to you, or the government would have that same right. Do you
18  understand that you would have all those rights if this were a
19  jury trial?

20  DEFENDANT MOHAMMED: Yes.

21  THE COURT: Do you also understand, sir, that if a
22  jury were selected, evidence had been put on, that the jury at
23  the close of the case would have to deliberate and after
24  deliberation, they would have to reach a unanimous verdict on
25  the counts that were charged before you could be found guilty?

1  Do you understand that?
2       DEFENDANT MOHAMMED:  Yes.
3       THE COURT:  Do you understand, sir, that you would
4  also have a right to have a trial by the judge, a bench trial?
5  And that you would have all the same rights the Court has set
6  forth in a bench trial that you would have in a jury trial
7  except this Court would make the decision of your guilt or
8  innocence.  Do you understand that?
9       DEFENDANT MOHAMMED:  Yes.
10      THE COURT:  That the Court would have to -- you would
11 be allowed to present all of the same evidence and have all of
12 the same rights of speedy trial, confrontation of witnesses,
13 subpoena power to have witnesses on your own behalf as you
14 would in a jury trial before the Court.  Do you understand?
15      DEFENDANT MOHAMMED:  Yes.
16      THE COURT:  You'd also have the right to testify,
17 you'd have the right not to testify.  And even in front of this
18 Court that choice would not be used against you.  Do you
19 understand that?
20      DEFENDANT MOHAMMED:  Yes.
21      THE COURT:  You would also, sir, at all times be
22 considered innocent until the government proved you guilty
23 beyond a reasonable doubt.  Do you understand that?
24      DEFENDANT MOHAMMED:  Yes.
25      THE COURT:  Sir, at the close of any finding of

1  guilty by either the bench or a jury, you understand you have a
2  right to appeal if you went to trial?  Do you understand?
3              DEFENDANT MOHAMMED:  Yes.
4              THE COURT:  Do you understand, sir, that if you
5  change your plea today and plead guilty, you waive the trial
6  rights to jury trial, to a bench, you waive all of your trial
7  rights?  Do you understand?
8              DEFENDANT MOHAMMED:  Yes.
9              THE COURT:  You also understand, sir, that if you
10 change your plea to one of guilty and I accept your plea, not
11 only will there not be a trial, this Court will enter a finding
12 of guilty and then this Court will sentence you based on a
13 presentence investigation, hearing arguments from your counsel,
14 from the government's counsel both in writing and orally, and
15 that this Court would then after looking at the advisory
16 guidelines, this Court would determine what sentence would be
17 sufficient?  Do you understand?
18             DEFENDANT MOHAMMED:  Yes.
19             THE COURT:  There's a written plea agreement that's
20 been tendered to the Court.  Sir, have you seen this document
21 that your lawyer is showing to you now?
22             DEFENDANT MOHAMMED:  Yes.
23             THE COURT:  And it is a 16-page document.  You've
24 gone over this document with your counsel, is that correct?
25             DEFENDANT MOHAMMED:  Yes.

1            THE COURT:  On the last page is that your signature?
2            DEFENDANT MOHAMMED:  Yes, it is.
3            THE COURT:  Have any promises been made to you to
4    sign that document other than what's in the agreement?
5            DEFENDANT MOHAMMED:  No.
6            THE COURT:  And you had a chance to discuss this
7    document with your counsel, is that correct?
8            DEFENDANT MOHAMMED:  Yes.
9            THE COURT:  Will the government please state what the
10   maximum penalties are in this case.
11           MS. SCHNEIDER:  Yes, Your Honor.  For the charge in
12   this case the maximum term of imprisonment is 10 years.
13   There's a maximum fine of $250,000 and a maximum term of
14   supervised release of three years.  The defendant would also be
15   required to pay a $100 special assessment.
16           THE COURT:  All right.  Is that your understanding,
17   Mr. Graham?
18           MR. GRAHAM:  Yes, Judge.
19           THE COURT:  All right.  You've explained that to your
20   client?
21           MR. GRAHAM:  I have, Judge.
22           THE COURT:  What is the government's calculations of
23   the offense level in this case?
24           MS. SCHNEIDER:  Assuming that the defendant continues
25   to accept responsibility, we calculate that the offense level

1  for the offense of conviction and the stipulated offense would
2  be a 17.  And we believe he's a criminal history category 1,
3  which would result in a guidelines range of 24 to 30 months.
4              THE COURT:  Does the defense agree with the
5  calculations?
6              MR. GRAHAM:  We do other than the fact that we may be
7  moving for a minor participant.  At which point he would be two
8  levels lower than that, which would put him in a category of 18
9  to 24 months.
10             THE COURT:  Other than that possible adjustment on
11 behalf -- that you would be asking for on behalf of your
12 client, is there any other adjustment at this time?
13             MR. GRAHAM:  Judge, I would then make a pitch with
14 3553 (a) factors, but that's something separate and apart from
15 the plea agreement.
16             THE COURT:  All right.  And this Court will not only,
17 sir, take into account the advisory guidelines, the Court will
18 take into consideration the 3553 (a) factors.  And the Court
19 will take into account the totality of the circumstances, the
20 information that the Court is presented with, and again the
21 arguments presented by each side in deciding what sentence is
22 sufficient and not greater than necessary.  Do you understand?
23             DEFENDANT MOHAMMED:  Yes.
24             THE COURT:  Has anyone forced you in any way to plead
25 guilty here today, sir?

```
 1              DEFENDANT MOHAMMED:  No.
 2              THE COURT:  Has anyone threatened you to plead
 3   guilty?
 4              DEFENDANT MOHAMMED:  No.
 5              THE COURT:  Apart from the plea agreement, once again
 6   have any promises been made to you to cause you to plead guilty
 7   today?
 8              DEFENDANT MOHAMMED:  No.
 9              THE COURT:  And your plea is entirely voluntary?
10              DEFENDANT MOHAMMED:  Yes.
11              THE COURT:  And you understand, sir, that the final
12   decision as to what your sentence will be lies with this Court?
13              DEFENDANT MOHAMMED:  Yes.
14              THE COURT:  Will the government please summarize what
15   its evidence would be for this case if the case were tried.
16              MS. SCHNEIDER:  Yes, Your Honor.  The government
17   would prove at trial that in approximately early September 2011
18   a cooperating witness, who I'll refer to as CS5, who
19   unbeknownst to Mr. Mohammed was working with the FBI, told
20   Ronald Watts, Mr. Mohammed's co-defendant, that he was
21   transporting money for drug dealers.  Watts told CS5 that he
22   wanted to know when CS5 would be transporting money for drug
23   dealers so that Watts could steal the money from CS5 in
24   exchange for a payment to CS5.  At that time Watts and Mr.
25   Mohammed were both Chicago Police officers who knew CS5 through
```

1   their work as police officers.
2           Thereafter on November 18th of 2011 Watts was
3   contacted by CS5, and CS5 told Watts I got one going on,
4   meaning that CS5 would be transporting money for drug dealers
5   in the near future.  CS5 told Watts that it would happen no
6   later than Monday.  And Watts told CS5, make sure you call me.
7           On November 21st, 2011 at approximately 12:45 p.m.
8   CS5 called Watts.  During that call CS5 told Watts, it's going
9   to go on.  I got to meet them at McDonald's on 26th.  Watts
10  confirmed that CS5 was talking about the McDonald's near the
11  intersection of 26th Street and Martin Luther King Drive in
12  Chicago.  CS5 told Watts that CS5 was going to pick up a bag
13  from one car and walk it to another car on 29th Street.  CS5
14  said that he was supposed to be at McDonald's in an hour.
15  Watts then told CS5 that he was going to be there in his car.
16          After that Watts contacted Mohammed, Mr. Mohammed and
17  asked Mr. Mohammed to help with taking the money from CS5.
18  Watts told Mr. Mohammed to meet with CS5 and pick up a bag,
19  which Mr. Mohammed agreed to do.  Thereafter at about
20  1:56 p.m., CS5 approached Mr. Mohammed near 2795 South Vernon.
21  Mr. Mohammed was sitting in a black four door Hyundai Azura,
22  and he exited the car, took the bag containing $5,200 from CS5.
23  When CS5 asked Mr. Mohammed for some money, Mr. Mohammed told
24  CS5 no, but then told CS5 to meet him on King Drive at 30th.
25          A few minutes later at about 2:04 p.m. CS5 called

1  Watts and told him that Mr. Mohammed had not given him any
2  money.  Watts then directed CS5 to meet Watts at a nearby White
3  Castle restaurant.  A few minutes later Watts and Mr. Mohammed
4  met in the area of 5700 and 5800 South Princeton Avenue in
5  Chicago, Illinois.  Watts removed the money from the bag and
6  disposed of the bag in a nearby alley.  At about 2:42 p.m.
7  Watts met with CS5 in the parking lot of a Walgreens store near
8  22nd Street and Canal Street in Chicago.  Watts gave CS5 $400
9  in cash, which he had taken out of the $5,200 taken by Mohammed
10 from CS5 earlier that day.
11            And the government would also prove that the $5,200
12 taken from CS5 were funds belonging to the United States.
13            THE COURT:  Is there any corrections that you wish to
14 make to the statement?
15            MR. GRAHAM:  No, Judge.
16            THE COURT:  Is there any part of the statement that
17 is disagreed with by the defendant?
18            MR. GRAHAM:  No, Judge.
19            THE COURT:  And, sir, what is your plea to Count 1 --
20 it is just Count 1, right?
21            MS. SCHNEIDER:  Yes, it's just a single count.
22            THE COURT:  Count 1 of the information, sir.
23            DEFENDANT MOHAMMED:  Guilty.
24            THE COURT:  Sir, since you acknowledge that you are,
25 in fact, guilty as charged in Count 1 of the information, that

1   you have had the assistance of counsel, that you know your
2   rights to trial, you know what the maximum possible punishment
3   is in this case, and that you have voluntarily and knowingly
4   pled guilty, this Court will accept your plea of guilty and
5   enter a judgment of guilty on your plea to Count 1 of the
6   information.  This Court will order a presentence investigation
7   report.  The sentencing date the Court has is October 19th.
8         MR. GRAHAM:  I'm sorry, Judge?
9         THE COURT:  October 19th.  Check and see --
10        MS. SCHNEIDER:  What time would that be?
11        THE COURT:  One second.  It could be 10:30 or we can
12  do it the next week.
13        MS. SCHNEIDER:  I have a 10 o'clock sentencing.  I
14  would hate to be late again.
15        THE COURT:  Oh, we can do -- it's a sentencing you're
16  doing?
17        MS. SCHNEIDER:  Yes.
18        THE COURT:  We can do 1:30 if you'd like.
19        MS. SCHNEIDER:  That would be fine.
20        THE COURT:  Are you available?
21        MR. GRAHAM:  That's fine with me, Judge.
22        THE COURT:  All right. 1:30 on October 19th.  There
23  will be a presentence investigation report.  Sir, you'll be
24  instructed to go and speak with the Probation Department,
25  Probation office.  They will do a thorough -- the more

1   information you give them, the more thorough report they can
2   do.  And then your lawyer will have a chance to look over that
3   report and present in writing his response.  And we'll have all
4   those dates in the minute order.  All right.  And the
5   government will also be able to present their response to what
6   the recommendations are.  Do you understand?
7              DEFENDANT MOHAMMED:  Yes.
8              MR. GRAHAM:  Judge, do you have a policy as to when
9   it is that you want position papers from the parties?
10             THE COURT:  Usually it's seven days prior to.  All
11  right.  But we'll have the dates specifically in the, in the
12  order.  Does the government know -- well, at this time is the
13  government going to be making any move pending sentencing?
14             MS. SCHNEIDER:  Making a motion --
15             THE COURT:  Are you making a motion -- what's his
16  bond status?
17             MS. SCHNEIDER:  Oh, no, we're not moving to revoke.
18             THE COURT:  All right.
19             MS. SCHNEIDER:  I think the conditions can stand if
20  Your Honor's comfortable with that.
21             THE COURT:  All right.  Good.  And everything has
22  been fine as far as the bond?
23             MR. GRAHAM:  He's done great, Judge.
24             THE COURT:  Great.  Sir, do you have any questions
25  about what's gone on so far?

```
 1                DEFENDANT MOHAMMED:  No, ma'am.
 2                THE COURT:  All right.  Sir, please understand also
 3   that by entering this plea of guilty, and the Court talked
 4   about the appeal rights you would be waiving to trial, again,
 5   any plea that you would make on this would be only to the
 6   validity of this plea of guilty and the ultimate sentence
 7   imposed.  All right.  Do you understand that?
 8                DEFENDANT MOHAMMED:  Yes.
 9                THE COURT:  All right.  And you would have 14 days
10   upon entry of conviction, which will happen after the sentence.
11   All right.
12                DEFENDANT MOHAMMED:  Yes.
13                THE COURT:  All right.  Anything else, Mr. Graham?
14                MR. GRAHAM:  No Judge.
15                THE COURT:  Anything else from the government?
16                MS. SCHNEIDER:  No, Your Honor.
17                THE COURT:  All right.  Again, Tressa, what's the
18   date and time?
19                THE CLERK:  October 19th at 1:30 for sentencing.
20                THE COURT:  All right.  If there's nothing else.  All
21   right.  Good luck to you, sir.  Thank you very much.
22                MS. SCHNEIDER:  Thank you.
23                MR. GRAHAM:  Have a great weekend.
24                DEFENDANT MOHAMMED:  Thank you.
25
```

```
 1                         CERTIFICATE

 2         I HEREBY CERTIFY that the foregoing is a true,

 3  correct and complete transcript of the proceedings had at the

 4  hearing of the aforementioned cause on the day and date hereof.

 5

 6  /s/TRACEY D. McCULLOUGH                    September 4, 2014

 7  Official Court Reporter                         Date
    United States District Court
 8  Northern District of Illinois
    Eastern Division
 9
```